UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NINTU XI GILMORE-BEY,

Plaintiff,

v.

MED-NATIONAL STAFFING
SOLUTIONS, INC.,

Defendants.

Case No. 24-cv-10689
Honorable Robert J. White
Magistrate Judge Elizabeth A. Stafford

---

**REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION
FOR RELIEF FROM JUDGMENT (ECF NO. 25)**

---

### I.     Introduction

Plaintiff Plaintiff Nintu Xi Gilmore-Bey moves for relief from the
Honorable Laurie J. Michelson's April 2024 order partially dismissing the
complaint.  ECF No. 25.  The Honorable Robert J. White[1] referred the case
to the undersigned to resolve all pretrial matters under 28 U.S.C.
§ 636(b)(1).  ECF No. 26.  The Court **RECOMMENDS** that the motion be
**GRANTED**.

---

[1] This case was reassigned from Judge Michelson to Judge White in
August 2024.

## II.    Analysis

### A.

Gilmore-Bey moves for relief from judgment under Federal Rule of
Civil Procedure 60(b).  But that rule applies only when seeking relief from
final judgments and orders.  Rule 60(b), Advisory Committee's Note to
1946 Amendment ("[I]nterlocutory judgments are not brought within the
restrictions of the rule, but rather they are left subject to the complete
power of the court rendering them to afford such relief from them as justice
requires.").  The April 2024 order is not a final order subject to Rule 60(b),
as it dismisses fewer than all Gilmore-Bey's claims.  *See Stinson v. Dorsey*,
No. 21-2759, 2022 WL 22771889, at *2 (W.D. Tenn. Dec. 2, 2022) (a
screening order is an interlocutory order); *Cowan v. Stovall*, No. 06-CV-
13846, 2008 WL 2795920, at *2 (E.D. Mich. July 18, 2008) ("A decision is
final only when it terminates the litigation between the parties on the merits
of the case and leaves nothing to be done but to enforce by of execution
what has been determined." (cleaned up)).

Reconsideration of nonfinal orders may be sought under Local Rule
7.1(h)(2).  But Gilmore-Bey's motion is untimely under that rule, which
requires motions to be filed within 14 days after entry of the disputed order.
E.D. Mich. LR 7.1(h)(2).  The challenged order was entered on April 18,

2024.  ECF No. 5.  Rather than moving for reconsideration then, Gilmore-Bey appealed the order to the Sixth Circuit on April 26, 2024.  ECF No. 9.  The appeal was dismissed as premature on July 22, 2024.  ECF No. 19; ECF No. 20.  Even if the appeal tolled the deadline for moving for reconsideration, Gilmore-Bey waited until August 19, 2024, four weeks later, to file her motion.  ECF No. 25.

"However, there are other avenues through which parties may seek to revisit interlocutory rulings," including Rule 54(b).  *In re FCA US LLC Monostable Elec. Gearshift Litig.*, No. 16-MD-02744, 2024 WL 1142348, at *3 (E.D. Mich. Mar. 15, 2024).  The rule states that an order "that adjudicates fewer than all the claims does not end the action and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b) (cleaned up).  "Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice."  *Stinson*, 2022 WL 22771889, at *2 (quoting *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004)) (cleaned up).

3

Although Gilmore-Bey's motion is tardy under Local Rule 7.1(h)(2), the interests of justice favor considering it under Rule 54(b) given her pro se status and the early stage of the litigation, with discovery not yet underway.

**B.**

Gilmore-Bey contends that Defendants Cody Brown and Deborah Schneider were erroneously terminated from the action, as the April 2024 order did not address the claim under 42 U.S.C. § 1981 against those defendants.  ECF No. 25, PageID.114, 120.

Gilmore-Bey brought claims of discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Elliott-Larsen Civil Rights Act (ELCRA), and international laws, as well as a claim for fraudulent misrepresentation.  ECF No. 5, PageID.33.  Judge Michelson dismissed the international law claims, as the cited authorities did not provide private rights of action.  *Id.*, PageID.38-40.  Judge Michelson also dismissed Brown and Schneider from the action because (1) Title VII actions "may not be brought against employees and supervisors in their individual capacities" and (2) the official-capacity claims were redundant of the Title VII claim against Med-National Staffing Solutions, Inc. (MSS).  *Id.*, PageID.40 (cleaned up).  And she declined to exercise supplemental

4

jurisdiction over the state-law claims for ELCRA violations and fraudulent misrepresentation.  *Id.*, PageID.41.  But the April 2024 order does not address the discrimination claim under § 1981.

Section 1981 claims "are governed by the same burden-shifting standards as the claims under Title VII."  *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 464 (6th Cir. 2001) (cleaned up).  Judge Michelson held that Gilmore-Bey's Title VII discrimination against MSS "for discrimination on the basis of race, color, religion, and national origin" could proceed, and her "conclusions concerning the Title VII claims apply equally to the parallel claims brought under § 1981."  *See id.*; *see also* ECF No. 5, PageID.42. And "[t]he liability of an individual actor under section 1981 is established if, on the basis of race, he intentionally interferes with another's right to make and enforce contracts, regardless of whether the employer or anyone else may also be held liable."  *Kolb v. State of Ohio Dep't of Mental Retardation & Developmental Disabilities*, 721 F. Supp. 885, 891 (N.D. Ohio 1989) (cleaned up); *see also Smith v. Bray*, 681 F.3d 888, 896 n.2 (7th Cir. 2012), *overruled on other grounds*, *Ortiz v. Werner Enters., Inc.*, 834 F.3d 760 (7th Cir. 2016).

Thus, the § 1981 claim against Brown and Schneider for discrimination based on race, color, religion, and national origin should be

reinstated.  And because the claims against those defendants would retain a federal character if the § 1981 claim is reinstated, the court should exercise supplemental jurisdiction over the ELCRA discrimination claim against Brown and Schneider.  *See* 28 U.S.C. § 1367(c)(3).  But for the reasons explained by Judge Michelson, Gilmore-Bey did not adequately plead a fraudulent misrepresentation claim.  *See* ECF No. 5, PageID.42.

## III.    Conclusion

The Court **RECOMMENDS** that Gilmore-Bey's motion for relief from judgment be **GRANTED** (ECF No. 25), and that the § 1981 and ELCRA claims against Brown and Schneider be reinstated.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: September 30, 2024

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*.*  And

only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 30, 2024.

s/Davon Allen
Davon Allen
Case Manager