UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| NINTU XI GILMORE-BEY,<br><br>    Plaintiff,<br><br>v.<br><br>MED-NATIONAL STAFFING SOLUTIONS, INC.,<br><br>    Defendant. | Case No. 24-cv-10689<br><br>Honorable Robert J. White |

**ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION, AND GRANTING IN PART AND DENYING IN PART MOTION FOR RELIEF FROM JUDGMENT**

*Pro se* Plaintiff Nintu Xi Gilmore-Bey filed this employment discrimination action against Defendants Med-National Staffing Solutions, Inc. (MSS), Cody Brown, Deborah Schneider, and four John Does. (ECF No. 1.)

In April 2024, Judge Laurie J. Michelson dismissed from Plaintiff's complaint (1) claims made under international law; (2) state-law claims of fraudulent misrepresentation; (3) Title VII and related state-law claims under Michigan's Elliot-Larson Civil Rights Act (ELCRA) against Brown and Schneider; and (4) claims of gender discrimination under Title VII and the ELCRA against MSS. (ECF No. 5, PageID.38-43.) She explicitly left intact the claims against MSS under Title VII and

the ELCRA on the basis of race, color, religion, and national origin, but never addressed similar claims under 42 U.S.C. § 1981 against all Defendants. (ECF No. 5, PageID.38-43.)  Nevertheless, she dismissed Brown and Schneider from the action.  Judge Michelson then referred all pretrial matters to Magistrate Judge Elizabeth A. Stafford.  (ECF No. 13).

Judge Michelson later reassigned the case to this Court.  Plaintiff then moved for relief from Judge Michelson's order of partial dismissal, and this Court re-referred the motion—along with all pretrial matters—to Magistrate Judge Elizabeth A. Stafford. (ECF No. 25, 26.)  Magistrate Judge Stafford recommended granting the motion. (ECF No. 31.)

Despite Magistrate Judge Stafford's notice (ECF No. 31, PageID.151-152), neither party filed timely objections to her Report.  This failure amounts to a procedural default and frees the Court from any obligation to independently review the record or to review the Report's conclusions de novo. *See* Fed. R. Civ. P. 72(b); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981) ("a party shall file objections with the district court or else waive right to appeal"); *Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("the failure to object may constitute a procedural default waiving review even at the district court level"). Nonetheless, the Court will conduct that review anyway.  For the reasons below, this Court only adopts the Report in part.

2

In her motion, Plaintiff says she brought four claims against all Defendants for (1) religion-based Title VII and ELCRA violations; (2) "race, ethnicity, ancestry and color" discrimination under 42 U.S.C. § 1981; (3) discrimination under international law; and (4) fraudulent misrepresentation (ECF No. 25, PageID.114.), and none of the "gender-based Title VII and ELCRA claims against MSS" that Judge Michelson's partial-dismissal order references. (ECF No. 5, PageID.42-43; *see* ECF No. 25, PageID.114).  And she asks the Court to "nullify" the order to the extent it dismissed all claims against Brown and Schneider. (ECF No. 25, PageID.114-120.)

Magistrate Judge Stafford recommends granting Plaintiff's motion and reinstating "the § 1981 and ELCRA claims against Brown and Schneider," while also concluding that Plaintiff did not adequately plead her claims of fraudulent misrepresentation. (ECF No. 31, PageID.147-151.)  The Court agrees with and therefore adopts Magistrate Judge Stafford's Report in this respect.  But the Report did not substantively address Plaintiff's motion to the extent it seeks to reinstate the other claims Judge Michelson either dismissed (*i.e.*, Plaintiff's discrimination claims under international law and the Title VII claims against Brown and Schneider) or failed to address (*i.e.*, the § 1981 claim against MSS) in her partial-dismissal order. The Court will deal with those claims now.

As for the rest of what Judge Michelson held in her order, there is no error to correct: Plaintiff's claims arising under international law fail because none of the

3

cited authorities creates a private right of action (*see* ECF No. 5, PageID.38-40), and Plaintiff's Title VII claims against Brown and Schneider were, indeed, duplicative and improper (*see* ECF No. 5, PageID.40-41).

The partial dismissal order did not explicitly address Plaintiff's § 1981 claim against MSS; that claim appears to have remained in the case. (*See* ECF No. 5.) As it should have—that claim is sufficiently pleaded. Plaintiff had to allege "facts showing that: (1) she belongs to a protected and identifiable class subject to race discrimination; (2) the defendant intended to discriminate against [her] on the basis of race; and (3) the defendant's discriminatory conduct abridged a right enumerated in section 1981(a)." *Curry v. Theaker*, No. 22-3435, 2022 U.S. App. LEXIS 35225, *8 (6th Cir. 2022) (alteration in original; quotation marks and citation omitted). And Plaintiff did just that. She alleges that she was qualified and applied for a job as a medical records clerk with Henry Ford Health through MSS, a staffing company, but MSS "refused" to submit her application; Plaintiff claims this adverse action only occurred *after and because* she submitted a religious vaccination exemption identifying herself as an indigenous person—*i.e.*, a member of a protected racial class. (ECF No. 1, PageID.3-5, 9-10). And Plaintiff supports her claims with emails and a copy of her exemption form attached to the complaint. (ECF No. 1, PageID.15-22). This is enough to pass the plausibility threshold. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

4

In sum, Plaintiff's surviving claims are those under Title VII (Count I), § 1981 (Count II), and the ELCRA (Count I) against MSS, and those under § 1981 (Count II) and the ELCRA (Count I) against Brown and Schneider. Dismissal was warranted for Plaintiff's claims under international law (Count III), the state-law claims of fraudulent misrepresentation (Count IV), and the claims under Title VII (Count I) against Brown and Schneider. Accordingly:

IT IS ORDERED that Magistrate Judge Stafford's report and recommendation (ECF No. 31) is ADOPTED IN PART and REJECTED IN PART.

IT IS FURTHER ORDERED that Plaintiff's motion for relief from judgment (ECF No. 25) is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that Plaintiff's § 1981 and ELCRA claims against Defendants Brown and Schneider be reinstated.

Dated: October 28, 2024                s/Robert J. White
                                       Robert J. White
                                       United States District Judge