UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| NINTU XI GILMORE-BEY, | Case No. 24-cv-10689 |
| Plaintiff, | Honorable Robert J. White |
| | Magistrate Judge Elizabeth A. Stafford |
| v. | |
| DEBORAH M. SCHNEIDER, *et al.*, | |
| Defendants. | |

**ORDER GRANTING DEFENDANTS' MOTION TO STRIKE (ECF NO. 52), DIRECTING PLAINTIFF TO CONTACT THE PRO SE CLINIC, DIRECTING THE PARTIES TO MEET AND CONFER, AND STAYING THE SCHEDULING ORDER**

This matter is before the Court on several discovery motions filed by Plaintiff Nintu Xi Gilmore-Bey and Defendants Deborah M. Schneider, Cody B. Brown, Med-National Staffing Solutions, Inc., and John Does 1-4. The Honorable Robert J. White referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 26.

The Court held a motion hearing on February 24, 2025. Although a notice to appear for that hearing was mailed to Gilmore-Bey's address on February 4, 2025, she failed to appear or contact the Court about the hearing. ECF No. 61. And because Gilmore-Bey has not provided her

phone number, the Court had no way of reaching her promptly about the hearing.  Gilmore-Bey's failure to appear and the Court's inability to contact her stymied its ability to address the bulk of the discovery issues.

During the hearing, the Court addressed defendants' motion to strike defense counsel, Mark A. Hypnar, from Gilmore-Bey's witness list.  ECF No. 52.  Gilmore-Bey did not respond to the motion, thereby waiving any opposition.  As the Court explained on the record, permitting Mr. Hypnar to serve as both an advocate and witness in this case would violate Michigan Rule of Professional Conduct 3.7, which recognizes that doing so "can prejudice the opposing party and can involve a conflict of interest between the lawyer and client."  And "attorneys are not necessary witnesses if the substance of their testimony can be elicited from other witnesses."  *Aleynu, Inc. v. Universal Prop. Dev. & Acquisition Corp.*, 564 F. Supp. 2d 751, 757 (E.D. Mich. 2008) (cleaned up).  The Court thus **GRANTS** defendants' motion to strike.

But numerous discovery objections from both sides of the dispute remain.  The Court will not micromanage the parties' discovery "by scrutinizing, critiquing, and dictating the content of individual discovery requests and the responses thereto."  *KCI USA, Inc. v. Healthcare Essentials, Inc.*, No. 1:14 CV 549, 2015 WL 13839455, at *2 (N.D. Ohio

May 1, 2015); *see also State Farm Mut., Auto. Ins. Co. v. Max Rehab Physical Therapy, LLC*, No. CV 18-13257, 2020 WL 12763079, at \*2 (E.D. Mich. July 19, 2020).  And the Court is not permitted to give Gilmore-Bey legal advice.  For these reasons, the Court contacted the University of Detroit Mercy Law School pro se legal clinic.  The clinic has agreed to enter a limited appearance on behalf of Gilmore-Bey to assist her in meeting and conferring with defense counsel to address the discovery issues.

By **March 10, 2025**, Gilmore-Bey must (1) contact the clinic and (2) file written notice with the Court stating whether she accepts the clinic's assistance in obtaining the necessary discovery.  The clinic may be reached by phone at (313) 300-4394 or by email at proseclinic@udmercy.edu.  Should Gilmore-Bey decline the clinic's assistance, the Court will deny her motion to compel because it fails to substantiate her entitlement to the discovery requested.

After Gilmore-Bey indicates whether she accepts the clinic's assistance, the parties must meet and confer about the discovery issues. **The parties must carefully read and follow the rest of this Order**.  The Court will hold another hearing about the discovery issues on **May 5, 2025 at 10:00 a.m**.  The parties **must meet and confer in good faith in person or by video** as required by E.D. Mich. LR 37.1.  Following the meeting, and

3

by **April 28, 2025**, the parties must file **a joint list of unresolved issues**. This filing must list each unresolved discovery request, **verbatim**; followed by the original answer or objection, **verbatim**; followed by the requesting party's argument why the response was insufficient or why any objection is without merit; followed by answering party's argument why its response was sufficient or why any objection has merit.  For example:

> Interrogatory or request: [exact language]

> Original answer or objection: [exact language]

> Requesting party's argument:

> Responding party's argument:

**The parties' arguments must address relevance to a specific claim or defense, and the proportionality factors under Federal Rule of Civil Rule 26(b)(1).**  *See Helena Agri-Enterprises, LLC v. Great Lakes Grain,* LLC, 988 F.3d 260, 273 (6th Cir. 2021) (describing the collective duty of the parties and courts to consider proportionality in resolving discovery disputes).  The Court will reject any argument that relies on the language of Rule 26(b)(1) before it was amended in 2015 or caselaw that interprets that outdated language.  *See Weidman v. Ford Motor Company*, No. CV 18-12719, 2021 WL 2349400, at *3 (E.D. Mich. June 9, 2021); *Cratty v. City of Wyandotte*, 296 F. Supp.3d 854, 858 (E.D. Mich. Nov. 8, 2017).

A party requesting documents must describe each request with reasonable particularity.  Fed. R. Civ. P. 34(b)(1)(A).  A document request should not "call on the producing party to engage in a subjective guessing game of whether a document is responsive."  *United States v. Quicken Loans, Inc*., No. 16-CV-14050, 2018 WL 7351682, at *1 (E.D. Mich. June 5, 2018).  Courts have long condemned omnibus "any and all" document requests. *See Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 387-388 (2004) (document requests asking "for everything under the sky" were "anything but appropriate"); *Effyis, Inc. v. Kelly*, No. 18-13391, 2020 WL 4915559, at *2 (E.D. Mich. Aug. 21, 2020) (finding the defendant's exceptionally broad discovery requests violated Fed. R. Civ. P. 26(g)).

The rules also require objections to interrogatories and requests for production of documents to be made with specificity.  Fed. R. Civ. P. 33(b)(4) & 34(b)(2).  A party objecting to a request for production of documents as burdensome must support that objection with affidavits, other evidence, or enough information to allow the Court to make a common-sense judgment.  *In re Heparin Products Liab. Litig.*, 273 F.R.D. 399, 410-11 (N.D. Ohio 2011); *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 743-44 (8th Cir. 2018.  The responding party is also warned, "Boilerplate objections are legally meaningless and amount to a waiver of an objection."

*Siser N. Am., Inc. v. Herika G. Inc.*, 325 F.R.D. 200, 209–10 (E.D. Mich. 2018).  And "a party cannot cloak its answers in without-waiving objections."  *Aprile Horse Transp., Inc. v. Prestige Delivery Sys., Inc.*, No. 5:13-CV-15-GNS-LLK, 2015 WL 4068457, at *3 (W.D. Ky. July 2, 2015).  In other words, "[a] party either objects to production or produces.  If it produces, the objections are generally deemed waived."  *Riley v. NewPenn Kilt, LLC*, No. 518CV00014TBRHBB, 2020 WL 59838, at *2 n.1 (W.D. Ky. Jan. 6, 2020).

The Court will not tolerate a party unilaterally and unreasonably deciding that requested discovery is not relevant or discoverable under proportionality based solely on its own litigation position.  *See Lucas v. Protective Life Ins. Co.*, No. CIV.A.4:08CV00059-JH, 2010 WL 569743, at *3 (W.D. Ky. Feb. 11, 2010) (rejecting argument that underwriting materials were not discoverable based upon the insurer's "unilateral decision that these other guidelines are not relevant to the claims and defenses in this action"); *Johnson v. Serenity Transp., Inc.,* No. 15-CV-02004-JSC, 2016 WL 6393521, at *2 (N.D. Cal. Oct. 28, 2016) ("A party cannot unilaterally decide that there has been enough discovery on a given topic.").

Of final note, to the extent that a responding party claims privilege, it must provide a privilege log as described in Fed. R. Civ. P. 26(b)(5)(A)(ii).

6

In the interim, the scheduling order is **STAYED**, and the current deadlines are adjourned pending the second motion hearing.  The discovery motions already filed remain pending, but no new discovery motions may be filed before the second hearing.  Defendants noted during the first hearing that Gilmore-Bey inappropriately served requests for admission on Mr. Hypnar and a third party; those requests need not be answered.  **If the parties resolve all discovery issues raised in the pending motions, they must submit a stipulation and order to cancel the hearing.**

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: February 27, 2025


## <u>NOTICE TO PARTIES ABOUT OBJECTIONS</u>

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling**

**remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 27, 2025.

s/Davon Allen
DAVON ALLEN
Case Manager