UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| NINTU XI GILMORE-BEY,<br><br>Plaintiff,<br><br>v.<br><br>DEBORAH M. SCHNEIDER, *et al.*,<br><br>Defendants. | Case No. 24-cv-10689<br>Honorable Robert J. White<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DENYING PLAINTIFF'S MOTIONS (ECF NOS. 58, 59, 60, 71, 72) AND GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER (ECF NOS. 53)**

**A**.

Plaintiff Nintu Xi Gilmore-Bey, proceeding pro se, alleges that defendants engaged in discrimination and fraudulent misrepresentation. ECF No. 1.  The Honorable Robert J. White referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 26.  This Court thus "has broad discretion under the rules of civil procedure to manage the discovery process and control [the] docket[ ]" here.  *Marie v. Am. Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014).  But Gilmore-Bey is

frustrating this Court's effort to address the many discovery disputes she raises in her many motions.

The Court now enters this order with the hope that it will spur Gilmore-Bey to engage in cooperative discovery.  *See Hills v. Garcia*, No. 15-12148, 2022 WL 6576965, at *1 (E.D. Mich. Apr. 11, 2022), *adopted,* 2022 WL 4355138 (E.D. Mich. Sept. 20, 2022) ("Generally, parties are expected to engage in cooperative discovery with one another and request court involvement only when a party violates the discovery rules or when the parties have a genuine dispute about what the rules require.  Fed. R. Civ. P. 1, 26-37.").  This order also serves a warning that Gilmore-Bey may face sanctions like the plaintiff in *Hills*, up to and including the involuntary dismissal of her case, if she does not engage in cooperative discovery or otherwise violates the discovery rules or court orders.

**B.**

This Court first became aware of the discovery disputes between the parties in January 2025, when defendants moved for a protective order. ECF No. 53.  Defendants asserted that Gilmore-Bey made improper requests for admissions and document requests.  *Id*.  Defendants also explained that they had no phone number to call Gilmore-Bey and that, when defense counsel emailed her to discuss the discovery issues, she

2

responded that he was "given notice not to communicate with [her] via email." *Id*., PageID.260.

The next month, without trying to confer with defendants, Gilmore-Bey moved for a protective order, to compel discovery, and to determine the sufficiency of defendants' answers to discovery.  ECF No. 58; ECF No. 59; ECF No. 60.  Gilmore-Bey's failure to try to confer with defendants violated the Court's local rules.  E.D. Mich. LR 7.1(a) requires parties to seek concurrence from opposing parties before filing motions.  And E.D. Mich. LR 37.1 explains that the purpose of the meet and confer is to narrow the issues of dispute and that it applies to pro se parties.

> With respect to all motions to compel discovery, counsel for each of the parties or a party without counsel shall confer in advance of the hearing in a good faith effort to narrow the areas of disagreement.  The conference shall be held a sufficient time in advance of the hearing so as to enable the parties to narrow the areas of disagreement to the greatest possible extent.  It shall be the responsibility of counsel for the movant or a party without counsel to arrange for the conference.

Rather than conferring with defense counsel, Gilmore-Bey apparently believed that the Court would evaluate each discovery request and objection.  But the Court will not "inappropriately micromanage the discovery in this case by scrutinizing, critiquing, and dictating the content of individual discovery requests and the responses thereto."  *KCI USA, Inc. v. Healthcare Essentials, Inc.*, No. 1:14 CV 549, 2015 WL 13839455, at *2

3

(N.D. Ohio May 1, 2015); *see also State Farm Mut., Auto. Ins. Co. v. Max Rehab Physical Therapy, LLC*, No. CV 18-13257, 2020 WL 12763079, at *2 (E.D. Mich. July 19, 2020).  And the Court is not permitted to give Gilmore-Bey legal advice.  For those reasons, the Court contacted the University of Detroit Mercy Law School pro se legal clinic.  The clinic agreed to enter a limited appearance on behalf of Gilmore-Bey to assist her in meeting and conferring with defense counsel to address the discovery disputes.

The Court planned to discuss these matters with Gilmore-Bey at the hearing scheduled for February 24, 2025.  ECF No. 61.  A notice of the hearing was mailed to Gilmore-Bey at her address of record on February 4, 2025, and was not returned.  The Court thus presumes that she received the notice.  *Aetna Life Ins. Co. v. Montgomery*, 286 F. Supp. 2d 832, 839 (E.D. Mich. 2003) ("Under the common law mailbox rule, the proper and timely mailing of a document raises a rebuttable presumption that the document has been received by the addressee in the usual time."); *In re Yoder Co.*, 758 F.2d 1114, 1118 (6th Cir. 1985) ("The common law has long recognized a presumption that an item properly mailed was received by the addressee.").  But Gilmore-Bey did not appear at the hearing and

4

the Court had no telephone number to call her.  ECF No. 66, PageID.374-375.

In an order following the hearing, the Court noted that "Gilmore-Bey's failure to appear and the Court's inability to contact her stymied its ability to address the bulk of the discovery issues." *Id*., PageID.375.  So the Court instructed Gilmore-Bey to contact the pro se clinic and file notice whether she accepted the assistance of the clinic. *Id*., PageID.376.  The order also said, "Should Gilmore-Bey decline the clinic's assistance, the Court will deny her motion to compel because it fails to substantiate her entitlement to the discovery requested." *Id*.  Finally, the Court ordered the parties to meet and confer before a hearing scheduled for May 5, 2025 and to file a joint list of unresolved issues by April 28, 2025. *Id*., PageID.376-377.  The order included detailed instructions for the joint list and discussed the legal standards that apply to the discovery disputes. *Id*., PageID.376-380. During the hearing, the Court told defense counsel that it found some of defendants' discovery requests to also be improper and thus encouraged defense counsel to engage in cooperative discovery guided by the legal standards described in the order.

Gilmore-Bey responded to the order by filing an accusatory and hostile objection.  ECF No. 67.  First, she claimed that the Court made a

5

false statement in violation of 18 U.S.C. § 1001 because the docket says

that the notice of hearing was sent on February 4th but the postmark says

that the notice was mailed two dates later.  *Id*., PageID.383.  She also

claimed that the notice of hearing was insufficiently detailed and that her

due process rights were violated because the Court failed serve her as

required under Federal Rule of Civil Procedure 5(b), a rule that describes

how parties must serve pleadings and papers on each other.  *Id*.,

PageID.383-384.  The notice required Gilmore-Bey and defense counsel to

appear remotely and indicated that the connection information would be

forwarded to the attorneys and parties by email.  ECF No. 61. And although

the certificate of service mentioned only the service to Gilmore-Bey's

mailing address, the Court's case manager also sent the hearing notice

and the connection information to Gilmore-Bey to the email address

included on her complaint: Nintuxi@gmail.com.  ECF No. 1, PageID.13.

But Gilmore-Bey decided not to attendance the hearing "because of

intentional improper notice."  *Id*., PageID.383.  She deliberately violated a

court order to appear.

Gilmore-Bey also refused the Court's effort to provide her with legal

assistance through the pro se clinic, stating that she does "not consent to

the legal representation demanded by Stafford[1] using force, threat and coercion."  *Id*., PageID.384.  It is quite disappointing that Gilmore-Bey perceived the Court's efforts to get legal help for her as an act of coercion. She is not a lawyer or trained in the law.

Soliciting the help of the pro se clinic is routine in our Court.  An August 2024 report about the clinic's work during the 2023 to 2024 school year revealed that it had assisted over 1,300 low-to-no-income litigants since its inception in 2018.  During the 2023 to 2024 school year, Professor Barbara Patek (a highly experienced litigator) and her students "had 56 scheduled in-person, Zoom, or telephone client meetings with new or existing contacts during the Reporting Period.  Clinic students also had dozens of direct potential client contacts with individuals seeking services from the clinic via telephone, email and walk-ins to the Clinic."

The clinic assists the litigants in drafting pleadings, stipulations, discovery requests, and motions (both dispositive and non-dispositive), and makes limited appearances to represent the litigants at hearings as well as status and settlement conferences, often assisting the litigants in reaching a final resolution of their cases.  And the clinic has taken on big cases,

---

[1] Throughout her objection, Gilmore-Bey omitted this Court's title, referring to the Court as "Stafford," evidencing a lack of the customary respect given judicial officers.

7

including partnering with the Georgetown Law School's Appellate Immersion Clinic to successfully appeal a case to the Sixth Circuit in a police misconduct matter.  As many judges within this Court will attest, Professor Patek gives pro se litigants the same high level of service as she does her paying clients.  For that reason, the Court's Pro Bono Committee successfully nominated Professor Patek to receive the Eastern District of Michigan Bar Association's Wade H. McCree, Jr. Award for the Advancement of Social Justice—a highly prestigious award.

Before the clinic's inception, the vast majority of pro se litigants had to navigate their cases with little understanding of the court rules and applicable laws.  Now, judges regularly refer pro se litigants to the pro se clinic and have seen a marked improvement in the pro se litigants' ability to prosecute their cases.

Gilmore-Bey was mistaken when she believed that the Court was trying to coerce her to accept the clinic's legal representation.  Rather, the Court provided Gilmore-Bey with an opportunity to consult with a highly experienced litigator and her students so that she could better prosecute her case.  And Gilmore-Bey can use the help; as the Court noted, her motion to compel "fails to substantiate her entitlement to the discovery requested."  ECF No. 66, PageID.377.

**C.**

Gilmore-Bey's motion to compel neither refers to the scope of discovery under Federal Rule of Civil Procedure 26(b)(1) nor addresses the rules of production of documents under Federal Rule of Civil Procedure 34. ECF No. 59.  The facts Gilmore-Bey alleges to support her motion were (1) that she served defendants with the request for production of documents; (2) that they answered the requests; (3) that "Defendants failed to produce documents as requested under Rule 34 requesting by motion for this Court to issue an order to protect them from annoyance, embarrassment, oppression, or undue burden or expense"; and (4) that Gilmore-Bey's "requests for production of documents are relevant to Plaintiff's claims and proportional to the needs of the case."  *Id*., PageID.350.  The brief in support notes that a party may move to compel discovery under Federal Rule of Civil Procedure 37 and then asks the Court to compel defendants to produce the requested documents.  *Id*., PageID.351.

By filing a conclusory motion to compel, Gilmore-Bey waived her entitlement to the relief requested.  "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.  It is not sufficient for a party to mention a possible

9

argument in the most skeletal way, leaving the court to put flesh on its bones."  *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (cleaned up).  And Gilmore-Bey made improper any-and-all document requests that violate the requirement in Rule 34(b)(1)(A) that parties request documents with reasonable particularity.  *See* ECF No. 66, PageID.378.  In that way, Gilmore-Bey also violated Rule 26(g)(1)(B), which requires parties to sign discovery requests to certify that, among other things, their requests are "(i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law" and are "(iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action."

Gilmore-Bey's other motions are also perfunctory and fail to establish her entitlement to relief, meaning that the requests in those motions are waived.  ECF No. 58; ECF No. 60; ECF No. 70; ECF No. 71; ECF No. 72. And Gilmore-Bey's motion for sanctions, ECF No. 71, cites Federal Rule of Civil Procedure 11, which does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37.

Rule 11(d).  Gilmore-Bey can cites some rules and statutes, but she does not know how to apply them.

The Court thus **DENIES** Gilmore-Bey's motions filed at ECF No. 58, ECF No. 59, ECF No. 60, ECF No. 70, ECF No. 71, and ECF No. 72, and **GRANTS** defendants' motion for protective order, ECF No. 53.  But Gilmore-Bey still has time to participate in a meaningful meet and confer with defense counsel ahead of the hearing scheduled for May 5, 2025.  If she instead remains stubbornly resistant to this Court's efforts to have the parties engage in proper discovery, she will forfeit her right to discovery and will be setting herself up to face sanctions including the involuntary dismissal of her case under Rule 26(g), Rule 37, and the Court's inherent authority.  *See Mager v. Wisconsin Cent. Ltd*., 924 F.3d 831, 837 (6th Cir. 2019).  And Gilmore-Bey's complaint may be dismissed if she again fails to appear as directed.  *See Simmons v. Henry Ford Health Sys*., No. 18-CV-14058, 2023 WL 1767473, at *5 (E.D. Mich. Feb. 3, 2023).

Gilmore-Bey should know that the Court's warning is not made as a threat to coerce her.  Rather, this type of warning is commonly made when parties have violated discovery rules, as prior warnings are relevant when assessing whether a party's complaint should be dismissed.  *Mager,* 924 F.3d 831, 837.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: March 24, 2025

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 24, 2025.

s/Davon Allen
DAVON ALLEN
Case Manager