UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| NINTU XI GILMORE-BEY,<br><br>    Plaintiff,<br><br>v.<br><br>MED-NATIONAL STAFFING SOLUTIONS, INC., et al.<br><br>    Defendants. | Case No. 24-cv-10689<br><br>Honorable Robert J. White<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND AFFIRMING THE MAGISTRATE JUDGE'S DISCOVERY-RELATED AND SHOW-CAUSE ORDERS**

*Pro se* Plaintiff Nintu Xi Gilmore-Bey filed this employment discrimination action against Defendants Med-National Staffing Solutions, Inc. (MSS), Cody Brown, Deborah Schneider, and four John Does. (ECF No. 1.) Before the Court are three orders entered by Magistrate Judge Elizabeth A. Stafford. On February 27, 2025, Magistrate Judge Stafford entered an order (1) granting Defendants' motion to strike defense counsel from Plaintiff's witness list; (2) declining to rule on the parties' remaining discovery disputes; (3) instead, directing Plaintiff to contact Detroit Mercy Law School's *pro se* legal clinic for assistance with her discovery requests; and (4) directing the parties to meet and confer in an attempt to resolve the

outstanding discovery issues. (ECF No. 66).  Magistrate Judge Stafford ordered that "[s]hould [Plaintiff] decline the clinic's assistance, the Court will deny her motion to compel because it fails to substantiate her entitlement to the discovery requested." (ECF No. 66, PageID.376).

On March 24, 2025, Magistrate Judge Stafford denied as meritless Plaintiff's various discovery motions and her request for sanctions. (ECF No. 81).  This order also noted that Plaintiff failed to appear at a February 2025 hearing to address her discovery motions, and she failed to engage in cooperative discovery and confer with Defendants regarding her requests. (ECF No. 81, PageID.475-78).  On April 1, 2025, Magistrate Judge Stafford ordered Plaintiff to show cause why she should not be held in criminal contempt due to her failure to follow court orders, disrespect and hostility throughout the proceedings, and obstruction in response to Magistrate Judge Stafford's efforts to facilitate proper and cooperative discovery. (ECF No. 90). Plaintiff filed timely objections to Magistrate Judge Stafford's orders. (ECF Nos. 67, 95, 102).

District courts may "reconsider" a magistrate judge's decision on a non-dispositive "pretrial matter" only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a).  "A factual finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been

committed." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (cleaned up).  "An order is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.* (cleaned up).

The Court reviewed the magistrate judge's orders, the relevant portions of the record, and Plaintiff's objections, and the magistrate judge's rulings are not "clearly erroneous or contrary to law." Accordingly,

IT IS ORDERED that Plaintiff's objections (ECF No. 67, 95, 102) are overruled.

IT IS FURTHER ORDERED that the magistrate judge's orders (ECF No. 66, 81, 90) are affirmed.

Dated: April 16, 2025                     s/Robert J. White
                                          Robert J. White
                                          United States District Judge