UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| NINTU XI GILMORE-BEY,<br><br>     Plaintiff,<br><br>v.<br><br>DEBORAH M. SCHNEIDER, *et al.*,<br><br>     Defendants. | Case No. 24-10689<br>Honorable Robert J. White<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL AND MOTION FOR STAY PENDING APPEAL
(ECF NOS. 115, 124)**

Plaintiff Nintu Xi Gilmore-Bey sues Defendants Deborah M. Schneider, Cody B. Brown, Med-National Staffing Solutions, Inc., and John Does 1-4. The Honorable Robert J. White referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 26. Gilmore-Bey moves for Judges White and Stafford to recuse themselves under 28 U.S.C. § 455, and to stay proceedings pending her appeal to the Sixth Circuit. ECF No. 115; ECF No. 124. The Court **DENIES** both motions.

## A.

Gilmore-Bey's motion for recusal lacks merit. A judge is presumed to be impartial, and a party moving for recusal bears the burden of showing that the judge should be disqualified. *Scott v. Metro Health Corp.*, 234 F. App'x 341, 352 (6th Cir. 2001); *Burley v. Gagacki*, 834 F.3d 606, 616 (6th Cir. 2016). To sustain that burden, a party alleging bias or prejudice must file "a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." U.S.C. § 144. "Recusal is never granted without the affidavit." *Youn v. Track, Inc.*, 324 F.3d 409, 423 (6th Cir. 2003). Gilmore-Bey filed no affidavit; thus, her motion for recusal cannot be granted. *Id*.

Gilmore-Bey's motion for recusal would lack merit even if she swore to her allegations in an affidavit. Recusal is an objective standard and is not based on the subjective viewpoint of the party. *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251 (6th Cir. 1989). Disqualification is required "[w]here [a Judge] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). A judge is not disqualified when the alleged bias emanates from the proceeding themselves. *Wheeler,* 875 F.2d at 1252. Thus, the "critical test is whether the alleged bias 'stem[s]

from an extrajudicial source and result[s] in an opinion on the merits on some basis other than what the judge learned from his participation in the case.'" *Id.* (quoting *United States v. Grinnell Corp.,* 384 U.S. 563, 583 (1965)).

Gilmore-Bey infers that the Court has engaged in improper ex parte communications, ECF No. 115, PageID.692, but those allegations are baseless. During a hearing on May 14, 2025, at which Gilmore-Bey failed to appear, defense counsel Mark Hypnar confirmed under oath that he had no improper ex parte communication with this Court. Gilmore-Bey's remaining allegations of bias emanate from the proceedings themselves, and thus do not support recusal. *Wheeler,* 875 F.2d at 1252.

The Court thus denies Gilmore-Bey's motion for recusal.

**B.**

The May 14 hearing was scheduled in part for Gilmore-Bey to show cause why she should not be held in criminal contempt under Federal Rule of Civil Procedure 42 and 28 U.S.C. § 636(e)(2). ECF No. 90. As noted in the order to show cause, Gilmore-Bey had the right to file an objection to the order with Judge White. *Id.*, PageID.525 (citing Fed. R. Civ. P. 72 & E.D. Mich. LR 72.2). Gilmore-Bey filed both an objection and an appeal of

3

the order to the Sixth Circuit.  ECF No. 100; ECF No. 101.  Judge White overruled the objection.  ECF No. 109.

Gilmore-Bey now moves to stay the order to show cause pending her appeal to the Sixth Circuit under Federal Rule of Appellate Procedures 8(a)(1).  The party seeking a stay pending an appeal must establish that a stay is warranted.  *Grutter v. Bollinger*, 247 F.3d 631, 632 (6th Cir. 2001).  The Court must balance four factors when deciding a motion to stay:

> 1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; 2) the likelihood that the moving party will be irreparably harmed absent a stay; 3) the prospect that others will be harmed if the court grants the stay; and 4) the public interest in granting the stay.

*Id.*  "The strength of the likelihood of success on the merits that needs to be demonstrated is inversely proportional to the amount of irreparable harm that will be suffered if a stay does not issue."  *Baker v. Adams Cnty./Ohio Valley Sch. Bd.*, 310 F.3d 927, 928 (6th Cir. 2002).  Even so, "in order to justify a stay of the district court's ruling, the [moving party] must demonstrate at least serious questions going to the merits and irreparable harm that decidedly outweighs the harm that will be inflicted on others if a stay is granted."  *Id.*  Gilmore-Bey can show neither a likelihood of success on the merits nor irreparable harm.

First, Gilmore-Bey fails to show that the Sixth Circuit has jurisdiction over her interlocutory appeal of this Court's order to show cause. Circuit courts "have jurisdiction of appeals from all final decisions of the district courts of the United States." 28 U.S.C § 1291. "A final decision generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 920 F.3d 1103, 1105 (6th Cir. 2019) (cleaned up).[1] The Sixth Circuit will sometimes exercise jurisdiction over "collateral orders" that resolve issues that are "completely separate from the merits of the action," but only when the collateral order "conclusively determine[s] the disputed question." *Plunk v. Shelter Mut. Ins. Co.*, No. 24-5236, 2024 WL 2962993, at *1 (6th Cir. May 8, 2024). This Court has entered neither a final order on the contempt issue, nor a final decision to end the litigation. Thus, Gilmore-Bey is unlikely to succeed in her effort to have the order to show cause overturned.

Gilmore-Bey also cannot show the necessary irreparable harm. First, the fact that a party must comply with a magistrate judge's order without a

---

[1] Because final judgment has not been entered in this case, Gilmore-Bey's motions for relief from judgment under Federal Rule of Civil Procedures 60 also lack merit. ECF No. 103; ECF No. 104; ECF No. 105. But she could have moved for reconsideration of the non-final orders under E.D. Mich. LR 7.1(h)(2).

stay is not enough to show irreparable harm. *City of Holland v. Fed. Ins. Co.*, No. 1:13-CV-1097, 2014 WL 2557124, at *2 (W.D. Mich. June 6, 2014) (denying a stay when the only harm alleged was that plaintiff would have to produce documents under a magistrate judge's order). Second, Gilmore-Bey may appeal an order of contempt after it has been entered.

Gilmore-Bey's motion to stay pending appeal is thus denied.

**IT IS ORDERED.**

Dated: May 16, 2025

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 16, 2025.

                                          s/Davon Allen
                                          DAVON ALLEN
                                          Case Manager