UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NINTU XI GILMORE-BEY,

    Plaintiff,

v.

MED-NATIONAL STAFFING
SOLUTIONS, INC., et al.,

    Defendants.

Case No. 24-cv-10689

Honorable Robert J. White
Magistrate Judge Elizabeth A. Stafford

**ORDER (1) ADOPTING IN PART AND MODIFYING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, (2) DISMISSING PLAINTIFF'S CASE, AND (3) PERMANENTLY ENJOINING PLAINTIFF FROM FILING COMPLAINTS IN THIS DISTRICT WITHOUT LEAVE OF COURT**

Before the Court is Magistrate Judge Elizabeth A. Stafford's May 29, 2025 report and recommendation. (ECF No. 130). The report recommended that the Court (1) grant Defendants' motion to compel and for sanctions (ECF No. 92), (2) dismiss the case with prejudice, and (3) enjoin Plaintiff from filing certain specified actions without leave of court. (ECF No. 130).

Plaintiff filed an objection to the magistrate judge's recommendation on June 16, 2025. (ECF No. 136). Albeit brief and somewhat unclear, Plaintiff's objection argues that the magistrate judge (1) committed malfeasance and fraud, and (2)

violated numerous of Plaintiff's constitutional rights. (ECF No. 136, PageID.860-861).

Courts "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to specify the part of the order, proposed findings, recommendations, or report to which [the party] objects and to state the basis for the objection." *Pearce*, 893 F.3d at 346 (internal quotation marks omitted). "An 'objection' that does nothing more than disagree with a magistrate judge's conclusion, or simply summarizes what has been argued before, is not considered a valid objection." *Proctor v. Applegate*, No. 07-12414, 2011 U.S. Dist. LEXIS 74284, at *9 (E.D Mich. Jul. 11, 2011) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991)).

Here, Plaintiff's objection lacks any specific challenge to any portion of the report and recommendation, instead only generally arguing that the magistrate judge acted improperly, made false statements, and violated constitutional protections.

Notwithstanding this deficiency, the Court reviewed the magistrate judge's report and recommendation, the relevant portions of the record, and Plaintiff's objection, and the Court agrees with the magistrate judge's ruling. However, the

Court will modify the magistrate judge's report and recommendation in one respect. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.")

Specifically, the Court modifies the magistrate judge's recommendation only to omit enjoining Plaintiff from filing any new actions in state court without leave of court. (ECF No. 130, PageID.836-37). This modification is only warranted because Sixth Circuit caselaw indicates that enjoining state actions is permitted in limited circumstances not applicable here. *See Silcox v. United Trucking Service, Inc.*, 687 F.2d 848, 850 (6th Cir. 1982) ("This court has recognized that the power of a district court to enjoin a litigant from proceeding in a state action, although it should be exercised sparingly, exists under the provisions of the Federal Anti-Injunction Act, 28 U.S.C. § 2283. . . . [F]ederal courts may enjoin the *relitigation* in state court of issues that federal courts have *fully and finally* adjudicated.") (first emphasis added); *see also Tropf v. Fid. Nat'l Title Ins. Co.*, 289 F.3d 929, 941-43 (6th Cir. 2002).

For the reasons given, IT IS ORDERED that Plaintiff's objection to the magistrate judge's report and recommendation (ECF No. 136) is OVERRULED.

3

IT IS FURTHER ORDERED that the magistrate judge's May 29, 2025 report and recommendation (ECF No. 130) is hereby accepted in part and modified in part, as explained above.

IT IS FURTHER ORDERED that Defendants' motion to compel and for sanctions (ECF No. 92) is granted.

IT IS FURTHER ORDERED that this case is dismissed with prejudice.

IT IS FURTHER ORDERED that Plaintiff is enjoined from filing any new actions, in this district only, without obtaining leave of court, subject to the conditions specified in the magistrate judge's report and recommendation.

Dated: June 23, 2025                         s/Robert J. White
                                             Robert J. White
                                             United States District Judge