UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| NINTU XI GILMORE-BEY,<br><br>　　Plaintiff,<br><br>v.<br><br>MED-NATIONAL STAFFING SOLUTIONS, INC., et al.,<br><br>　　Defendants. | Case No. 24-cv-10689<br><br>Honorable Robert J. White<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER (1) OVERRULING PLAINTIFF'S OBJECTION, (2) AFFIRMING THE MAGISTRATE JUDGE'S ORDER, AND (3) DENYING PLAINTIFF'S RULE 60(B) MOTION**

　　Before the Court are (1) Plaintiff's motion for relief under Fed. R. Civ. P. 60(b)(4) (ECF No. 132) from Magistrate Judge Elizabeth A. Stafford's order denying Plaintiff's motions for recusal and a stay (ECF No. 126) and (2) Plaintiff's objection to the same order (ECF No. 133).

　　District courts may "reconsider" a magistrate judge's decision on a non-dispositive "pretrial matter" only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). "A factual finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been

committed." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (cleaned up). "An order is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.* (cleaned up).

The Court reviewed the magistrate judge's order denying Plaintiff's motions for recusal and a stay, the relevant portions of the record, and Plaintiff's objection, and the magistrate judge's ruling is not "clearly erroneous or contrary to law."[1] Next, to the extent Plaintiff seeks reconsideration of the magistrate judge's order under Rule 60(b), such relief is unwarranted.

"Rule 60(b) permits a court, on motion and just terms, to relieve a party from a final judgment, order, or proceeding. . . . The general purpose of the Rule is to make an exception to finality." *Waetzig v. Halliburton Energy Servs., Inc.*, 145 S. Ct. 690, 694 (2025) (cleaned up; citations omitted). "Rule 60(b) . . . applies only to 'a final judgment, order, or proceeding.'" 11 Charles Alan Wright et al., *F. Prac. & Proc. Civ.* § 2852 (3d ed. 2024). The magistrate judge's order challenged here, however, was not final. It did not close this case, it only denied Plaintiff's motions

---

[1] To the extent Plaintiff sought recusal of the Court in addition to the magistrate judge, this request is denied for largely the same reasons as given in the magistrate judge's order—because Plaintiff filed no affidavit and largely alleged bias arising from the proceedings themselves. And Plaintiff's argument related to the Court's prior practice as an assistant U.S. attorney in this district does not suffice to overcome the presumption of impartiality in this case.

for recusal and to stay the magistrate judge's prior show-cause order. (ECF Nos. 115, 124, 126).

Accordingly,

IT IS ORDERED that Plaintiff's objection (ECF No. 133) is OVERRULED.

IT IS FURTHER ORDERED that the magistrate judge's order denying Plaintiff's motions for recusal and a stay (ECF No. 126) is AFFIRMED.

IT IS FURTHER ORDERED that Plaintiff's Rule 60(b) motion (ECF No. 132) is DENIED.

Dated: June 23, 2025          s/Robert J. White
                              Robert J. White
                              United States District Judge