UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NINTU XI GILMORE-BEY,

      Plaintiff,

v.

MED-NATIONAL STAFFING
SOLUTIONS, INC., et al.,

      Defendants.

Case No. 24-cv-10689

Honorable Robert J. White

## ORDER DENYING PLAINTIFF'S MOTION TO VACATE JUDGMENT

On May 25, 2025, Magistrate Judge Elizabeth A. Stafford recommended that Plaintiff's case be dismissed for her failure to engage in cooperative discovery and comply with court orders. (ECF No. 130). The Court adopted the magistrate's recommendation and dismissed the case with prejudice. (ECF No. 140). Before the Court is Plaintiff's motion to vacate pursuant to Fed. R. Civ. P. 60(d)(3). (ECF No. 151). For the following reasons, the Court denies Plaintiff's motion.

Fed. R. Civ. P. 60(d)(3) permits a court to "set aside a judgment for fraud on the court." "Fraud on the court consists of conduct: 1) on the part of an officer of the court; that 2) is directed to the judicial machinery itself; 3) is intentionally false, willfully blind to the truth, or is in reckless disregard of the truth; 4) is a positive

averment or a concealment when one is under a duty to disclose; and 5) deceives the court." *Johnson v. Bell*, 605 F.3d 333, 339 (6th Cir. 2010) (cleaned up).  Fraud on the court under Rule 60(d)(3) refers to "the most egregious conduct involving a corruption of the judicial process itself." *Gen. Med., P.C. v. Horizon/CMS Health Care Corp.*, 475 F. App'x 65, 71 (6th Cir. 2012) (cleaned up).  Plaintiff has the burden of establishing fraud on the court by clear and convincing evidence. *Johnson*, 605 F.3d at 339.

According to Plaintiff, "[t]he fraud upon the court is proven by 'clear and convincing' evidence of all court records in the district court and the circuit court." (ECF No. 151, PageID.909).  The Court disagrees.  Plaintiff essentially argues that defense counsel, the magistrate judge assigned to the case, and the Court conspired together to obstruct justice in this case.  But the record does not reveal any egregious conduct involving corruption of the judicial process itself, let alone clear and convincing evidence of such conduct.

First, to the extent Plaintiff alleges that the magistrate judge and Court both engaged in ex-parte communications and conspired with third parties, including the U.S. Postal Service, to tamper with Plaintiff's mail and otherwise obstruct her efforts in the case, this is wholly conclusory and not in any way borne out in the record. Similarly conclusory and unavailing are Plaintiff's allegations that the magistrate

judge's and Court's rulings against her were the result of bias or any other judicial impropriety.

Rather, the record shows that the magistrate judge tried to resolve the parties' discovery issues over the course of almost six months, to no avail. The magistrate judge held numerous hearings during this time, each noticed to the contact information Plaintiff supplied. And the magistrate only recommended dismissal following Plaintiff's repeated failures to engage with discovery and comply with her orders in this case. Having again reviewed the record leading to dismissal, the Court concludes that this result was appropriate here. This is especially so given that (1) Plaintiff was on notice of dismissal as a possible sanction and (2) courts have broad and inherent authority to manage their dockets with the aim of the efficient and speedy resolution of cases. Further, contrary to the allegations of the judicial officers' bias and a conspiracy against Plaintiff in this case, both the magistrate judge and the Court previously issued rulings in Plaintiff's favor. (*See* ECF Nos. 31, 34).

In sum, the Court concludes that Plaintiff's assertions of fraud upon the Court are largely conclusory and do not establish by clear and convincing evidence any egregious conduct involving a corruption of the judicial process itself. Accordingly;

IT IS ORDERED that Plaintiff's motion (ECF No. 151) is DENIED.

Dated: June 30, 2026                    s/Robert J. White
                                        Robert J. White
                                        United States District Judge